IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JONATHAN BENCHIK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| INDIANA FAMILY AND SOCIAL | ) |
| SERVICES ADMINISTRATION, and | ) |
| JENNIFER SULLIVAN in her official | ) |
| Capacity as Secretary of the Indiana | ) |
| Family and Social Services Administration | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, JONATHAN BENCHIK, brings his causes of action against Defendants, INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION and JENNIFER SULLIVAN in her official capacity as Secretary or the Indiana Family and Social Services Administration ("IFSSA"), stating as follows:

**Introduction**

1.  Plaintiff seeks redress for discrimination on the basis of race, age, sex and retaliation, pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), and for a supplemental state-law claim of retaliatory discharge and intentional and negligent infliction of emotional distress.

**Jurisdiction and Venue**

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. §§ 216(b) and 626(b)-(c).

3. On December 6, 2018, Plaintiff timely filed charges of discrimination based on race, age, sex and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") and the Indiana Civil Rights Commission ("ICRC").

    Plaintiff attaches hereto Plaintiff's filed charge of discrimination as Exhibit A.

4. On approximately August 23, 2019, Plaintiff received his Notice of Right to Sue from the EEOC, which was less than ninety days before the date on which this Complaint is filed, rendering the filing of this Action timely.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the cause of action set forth herein arises out of events occurring within the Northern District of Indiana, and because Defendants have offices, conduct business, and can be found in the Northern District of Indiana. Venue is further proper under 28 U.S.C. § 1391(c) because Defendants have substantial business contacts and is a department within the State of Indiana.

**The Parties**

6. Plaintiff is a Citizen of the State of Indiana residing in Munster, Lake County, Indiana, within the Northern District of Indiana.

7. Plaintiff is a white, or Caucasian, man born in 1961, and was an "employee" of Defendant for purposes of the ADEA, and Title VII.

8. Defendant IFSSA is an agency of the State of Indiana organized under the laws of the State of Indiana with offices located throughout the state of Indiana.

9. Defendant, Jennifer Sullivan, is the duly appointed Secretary of the IFSSA and is sued in her official capacity.

3

10. Defendant IFSSA has maintained offices located at 5255 Hohman Ave., Hammond, Indiana, and 1865 E. Summit St., Crown Point, Indiana within the Northern District of Indiana. These offices are where the allegations of this complaint primarily occurred.

11. At all relevant times, Defendants have been a "covered employer" for purposes of the ADEA and Title VII.

12. At all relevant times, Plaintiff has been a "covered employee" for purposes of the ADEA and Title VII, being employed by Defendants, a covered employer.

## Facts Common to All Counts

13. Plaintiff began employment with Defendant on September 25, 2017 in the position of state eligibility consultant.

14. During his entire period of employment by Defendants, Plaintiff carried out the duties of his employment at the above-described offices.

15. Plaintiff's duties as state eligibility consultant included interviewing and directly contacting clients and determining eligibility requirements of clients, including detection and reporting of suspected fraudulent claims.

16. During his employment, Plaintiff's direct supervisor was Kimberly Thompson and Ms. Thompson reported to deputy director Arthur McCleod. Plaintiff's direct supervisor and all of Plaintiff's coworkers were a different gender than Plaintiff and Plaintiff's direct supervisor and many of Plaintiff's coworkers were a different race than Plaintiff.

17. When Plaintiff was hired, he was the only male in the office and was the only employee over the age of 40 in his position.

4

18. The first six months of Plaintiff's employment is known as a working test period. During this time, Plaintiff receives training for his position and may be terminated if he fails to meet expectations.

19. During this six month period, Plaintiff was continually harassed by his supervisor due to gender because his supervisor did approve of having a male work in the office. The harassment primarily focused on use of the gendered bathrooms in the office and Plaintiff was daily subjected to discussions of what was taking place in the bathroom and of how inconvenient it was to have a male in office with so many other female employees. Plaintiff was eventually forced leave the office space and use the public restroom outside the workspace during the work day and had to bring his own soap and towels due to the continued harassment.

20. Plaintiff was also treated differently in his training, denied proper training or assistance from other employees when needed, was subject to reprimand for false reasons, and was often subjected to comments about his age affecting his ability to work. Further, his supervisor did not comply with the statutory requirements of the test period such as providing Plaintiff with a review.

21. Plaintiff endured the unjust treatment from his supervisor and coworkers for the entire six month test period due to his fear that reporting the behavior during the test period would result in his termination.

22. After the test period was over, Plaintiff informed his supervisor that he could not endure the harassment regarding the bathroom usage any longer and asked that it stop.

5

23. In addition, in April 2018, Plaintiff verbally reported the harassment to the deputy director McCleod.

24. At some point after speaking to his supervisor about the harassment, Plaintiff was informed that his test period was extended. Further, after reporting the behavior to McCleod, Plaintiff was refused assistance from his supervisor or coworkers, was subjected to derogatory and abusive comments from his coworkers and supervisor, subjected to false allegations, and was undermined in an attempt to interfere with his performance at work.

25. At some time after the extension of his test period, Plaintiff was transferred to another office and worked under a different supervisor. Although Thompson was no longer Plaintiff's supervisor, she used her position to undermine Plaintiff in his new office, demean him to his new coworkers and supervisor, and Plaintiff's new supervisor continued the practice and behavior of discrimination and retaliation against Plaintiff.

26. Finally, in fulfilling the obligations of his employment, Plaintiff discovered a possible case of fraud or misrepresentation by clients for assistance. When Plaintiff reported these findings, he was further retaliated against for finding this information and reporting the findings.

27. On August 29, 2018, Plaintiff was terminated from his employment.

## Count I: ADEA Age Discrimination

28. Plaintiff restates Paragraphs 1 though 27 of his Complaint, above, as though fully set forth herein.

29. Plaintiff, being older than forty years old, is protected by the provisions of the ADEA.

6

30. Defendant discharged Plaintiff and otherwise willfully discriminated against Plaintiff with respect to the terms and condition's of Plaintiff's employment because of Plaintiff's age, in violation of the ADEA.

31. As a direct result of Defendant's unlawful actions, Plaintiff suffered the indignity of discrimination which has manifested in physical pain and emotional distress, inconvenience, lost wages and benefits, has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life and other incidental and consequential damages.

## Count II: Title VII Sex Discrimination

32. Plaintiff restates Paragraphs 1 though 31 of his Complaint, above, as though fully set forth herein.

33. Plaintiff was qualified for the job he held with Defendants and performed all job functions to Defendants' legitimate employment expectations.

34. Despite Plaintiff's qualifications and job performance, Defendants intentionally discriminated against Plaintiff based upon Plaintiff's sex (male) and sought to deprive him of his rights, benefits, and protection under Title VII, in violation of Title VII.

35. Defendants subjected Plaintiff to adverse action, up to and including termination, based on its discrimination against Plaintiff, in violation of Title VII.

36. Defendants subjected Plaintiff to different terms and conditions of employment than similarly situated female employees based on its discrimination against Plaintiff, in violation of Title VII.

7

37. The reasons for the harassment, retaliation, and termination of Plaintiff's employment given by Defendants are false and merely pretext for illegal discrimination.

38. Other employees of Defendants could have opposed and stopped the discrimination of Plaintiff, but instead ratified and approved the discriminatory action taken by Defendants against Plaintiff.

39. As a direct result of Defendant's unlawful actions, Plaintiff suffered the indignity of discrimination which has manifested in physical pain and emotional distress, inconvenience, lost wages and benefits, has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life and other incidental and consequential damages.

## Count III: Title VII Race Discrimination

40. Plaintiff restates Paragraphs 1 through 39 of his Complaint, above, as though fully set forth herein.

41. Plaintiff was qualified for the job he held with Defendants and performed all job functions to Defendants' legitimate employment expectations.

42. Despite Plaintiff's qualifications and job performance, Defendants discriminated and retaliated against him because of his race.

43. Defendants' discrimination against Plaintiff and denial of his rights under Title VII is intentional.

44. Defendants discriminated against Plaintiff in the terms and conditions of his employment.

8

45. Similarly situated employees who were not Caucasian were not subjected to the same terms and conditions of employment as the Plaintiff.

46. The reasons for the harassment, retaliation, and termination of Plaintiffs employment given by Defendants are false and merely pretext for illegal discrimination.

47. Other employees of Defendants could have opposed and stopped the discrimination of Plaintiff, but instead ratified and approved the discriminatory action taken by Defendants against Plaintiff.

48. The actions taken by Defendants, as described above, are in violation of Title VII in that Defendants acted to discriminate against Plaintiff in the terms and conditions of his employment because of his race to deprive him of his rights, benefits, and protection under Title VII.

49. As a direct result of Defendant's unlawful actions, Plaintiff suffered the indignity of discrimination which has manifested in physical pain and emotional distress, inconvenience, lost wages and benefits, has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life and other incidental and consequential damages.

### Count IV: Title VII Retaliation

50. Plaintiff restates Paragraphs 1 through 49 of his Complaint, above, as though fully set forth herein.

51. After Plaintiff spoke out about and reported the harassment and discrimination, Plaintiff was retaliated against by Defendants for reporting the behavior.

9

52. The conduct complained of by Plaintiff was based on retaliation against Plaintiff and violated Title VII's prohibition against hostile work environments. Plaintiff complained of the hostile work environment and made known to Plaintiff's supervisors that the conduct was unwelcome and unjustified. The harassing conduct offends Title VII's broad rule of workplace equality, and the refusal of Defendants to remedy the problem altered Plaintiff's terms and conditions of employment, culminating in his termination due to the discrimination and in retaliation for his complaints.

53. The acts complained of were severe enough to prevail on only one incident; however these acts were pervasive, occurring on a frequent basis, all with the intention of creating a record for purposes of terminating Plaintiff or intimidating Plaintiff into quitting his employment.

54. The reasons for the harassment, retaliation, and termination of Plaintiff's employment given by Defendants are false and merely pretext for illegal discrimination.

55. Other employees of Defendants could have opposed and stopped the discrimination of Plaintiff, but instead ratified and approved the discriminatory action taken by Defendants against Plaintiff.

56. The actions taken by Defendants, as described above, are in violation of Title VII in that Defendants acted to intentionally discriminate against Plaintiff in the terms and conditions of his employment to retaliate against him for lawfully reporting unlawful behavior and were an attempt to deprive him of his rights, benefits, and protection under Title VII.

57. Defendants showed a reckless indifference to Plaintiff's well-known rights under Title VII and the violation of those rights without any repercussion whatsoever to those who intentionally violated those rights.

10

58. As a direct result of Defendant's unlawful actions, Plaintiff suffered the indignity of discrimination which has manifested in physical pain and emotional distress, inconvenience, lost wages and benefits, has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life and other incidental and consequential damages.

## Count IV: Retaliatory Discharge

59. Plaintiff restates Paragraphs 1 though 58 of his Complaint, above, as though fully set forth herein.

60. Plaintiff, in executing his duties as a state eligibility consultant, ensured that state laws were followed by applicants or clients of IFSSA.

61. Defendants requested and reprimanded Plaintiff for performing his duties and discovering a possible fraudulent claim for benefits.

62. Failure to investigate or report the findings may have violated state laws and regulations.

63. Plaintiff refused to commit such an illegal act.

64. Defendants willfully, wantonly, and maliciously subjected Plaintiff to adverse action, up to and including termination, based on Plaintiff's refusal to commit such an illegal act.

65. As a direct result of Defendant's unlawful actions, Plaintiff suffered the indignity of discrimination which has manifested in physical pain and emotional distress, inconvenience, lost wages and benefits, has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss

11

of enjoyment of the ordinary pleasures of life and other incidental and consequential damages.

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. A declaratory judgment that Defendants' practices and actions of which Plaintiff complains violate the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended;

B. An injunction barring Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns of which Plaintiff complains;

C. A judgment awarding Plaintiff compensatory damages, to be paid by Defendants;

D. A judgment awarding Plaintiff punitive damages and liquidated damages, to be paid by Defendants;

E. A judgment awarding Plaintiff his costs and expenses of this action, including reasonable attorney's fees and expert fees, to be paid by Defendant;

F. Prejudgment and postjudgment interest, as provided by law; and

G. All other legal and equitable relief that is necessary, just, and proper.

    s/ Carla K. Pyle_____
Carla K. Pyle
Indiana Attorney No. 25803-64
Rubino, Ruman, Crosmer & Polen
275 Joliet Street, Suite 330
Dyer, Indiana 46311

12

        Telephone (219) 322-8222
        Fax: (219) 322-6675
        cpyle@rubinoruman.com
        ATTORNEY FOR PLAINTIFF

## JURY TRIAL DEMANDED

Plaintiff, pursuant to Fed. R. Civ. P. 38(b), respectfully requests a jury trial on all issues triable to a jury.

        s/ Carla K. Pyle _____
        Carla K. Pyle
        Indiana Attorney No. 25803-64
        Rubino, Ruman, Crosmer & Polen
        275 Joliet Street, Suite 330
        Dyer, Indiana 46311
        Telephone (219) 322-8222
        Fax: (219) 322-6675
        cpyle@rubinoruman.com
        ATTORNEY FOR PLAINTIFF